IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEON MARKEY GLISPY,

        Appellant,

v.

        Case Nos.  5D21-2172
                        5D21-2173
        LT Case Nos. 2020-CF-022890-A
                        2019-CF-049435

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed October 3, 2022

Appeal from the Circuit Court
for Brevard County,
David C. Koenig, Judge.

Matthew J. Metz, Public Defender, and
Victoria Rose Cordero, Assistant Public
Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Whitney Brown Hartless,
Assistant Attorney General, Daytona Beach,
for Appellee.

PER CURIAM.

Deon Markey Glispy appeals the judgment and sentence imposed following the violation and revocation of his community control. We review the trial court's finding of a violation of community control for competent, substantial evidence. *See Kegler v. State*, 313 So. 3d 824, 827 (Fla. 2d DCA 2021). Glispy had been placed on community control in connection with two criminal convictions, including the sale of cocaine. Sixteen days later, he was arrested for—among other things—selling cocaine. Competent, substantial evidence supported the trial court's findings on these multiple new law violations.

The trial court erred, however, when it concluded that Glispy had violated community control by failing to remain confined in his home. This condition had exceptions for work-related travel, public service work, or special activities. The State did not elicit any competent, substantial evidence to support this violation. The community control officer did not testify; the State presented no evidence that Glispy's absence from home had not been approved.

Because it is clear the trial court was focused on Glispy's drug-related violations and not his failure to remain at home, a remand for resentencing is unnecessary. *See Payet v. State*, 47 Fla. L. Weekly D1705, D1705 (Fla. 5th DCA Aug. 12, 2022). We therefore affirm the trial court's revocation of

Glispy's community control but remand for it to strike its finding that Glispy violated condition sixteen of his community control.

AFFIRMED and REMANDED.

EVANDER, EISNAUGLE and TRAVER, JJ., concur.